UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORELEI A. BATES,

     Plaintiff,

                             Case No. 10-12698

v.

                             Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 25, 2011.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Lorelei Bates ("Plaintiff") applied for Social Security Disability Insurance Benefits

("DIB") and Supplemental Security Income Benefits ("SSI") on October 2, 2006, alleging

that she became disabled on February 2, 2000.  The Social Security Administration denied

her claim at the initial administrative stages.  At Plaintiff's request, a hearing was held

before Administrative Law Judge ("ALJ") Troy M. Patterson on May 27, 2009.  In a

decision dated July 28, 2009, the ALJ concluded that Plaintiff was not disabled.  The

Appeals Council denied Plaintiff's request for review on June 11, 2010.  Thus, the ALJ's

decision became the final decision of Defendant Commissioner of Social Security

("Commissioner").  On July 8, 2010, Plaintiff filed this action, seeking judicial review of

the Commissioner's decision.

The Commissioner has filed a motion for summary judgment and Plaintiff has filed a
motion to remand for further analysis of her claim.  This Court has referred both motions
to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B).  On March 1,
2011, Magistrate Judge Binder issued a Report and Recommendation ("R&R") in which
he concludes that substantial evidence supports the Commissioner's determination that
Plaintiff is not disabled.  Magistrate Judge Binder recommends that this Court deny
Plaintiff's motion and grant the Commissioner's motion.  At the conclusion of the R&R,
Magistrate Judge Binder advised the parties that they may object and seek review of the
R&R within fourteen days of service upon them.  Plaintiff filed objections to the R&R on
March 15, 2011.

## I. Standard of Review

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social
> Security made after a hearing to which he was a party . . . may obtain a
> review of such decision by a civil action . . . The court shall have the power
> to enter . . . a judgment affirming, modifying, or reversing the decision of the
> Commissioner of Social Security, with or without remanding the cause for a
> rehearing.  The findings of the Commissioner of Social Security as to any
> fact, if supported by *substantial evidence*, shall be conclusive . . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46
F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant
evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Abbott
v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S.
389, 401, 91 S. Ct. 1420, 1427 (1971)).  The Commissioner's findings are not subject to
reversal because substantial evidence exists in the record to support a different conclusion.

*Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id.*

## II. Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 12, 2006. A.R. at 55.

2.  At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3.  At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3]  *Id.*

4.  At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

5.  At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1520(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5]  *Id.*

As stated in the R&R, Magistrate Judge Binder found substantial evidence in the record to support the ALJ's determination at each step.  Plaintiff has filed objections to the R&R.

Plaintiff first objects to Magistrate Judge Binder's analysis of the ALJ's decision to reject the opinion of Valerie Daly, a Licensed Professional Counselor.  Magistrate Judge

---

[2] The ALJ concluded that Plaintiff  has the following impairments: hypertension, anemia, osteoarthritis, anxiety, personality disorder, attention deficit hyperactivity disorder, and post-traumatic stress disorder.  A.R. at 55.

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  A.R. at 56-57.

[4] The ALJ found that Plaintiff had the residual functional capacity to perform light work that involves only superficial interpersonal contact with coworkers and the public.  A.R. at 57.

[5] The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform.  A.R. at 61.  The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act.  A.R. at 62.

Binder reasoned that because Daly was not an "acceptable medical source" under the Commissioner's regulations, the rules requiring deference to her opinion did not apply. Thus, Magistrate Judge Binder concluded that the ALJ was free to reject Daly's opinion based on its inconsistency with other evidence in the record.

The Commissioner's rules and regulations specify the treatment accorded to opinions given by professionals such as Daly. The opinion of a "treating source" may be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. 404.1527(d)(2). A "treating source," however, includes only "acceptable medical sources." 20 C.F.R. § 404.1502. "Acceptable medical sources" are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1513(a). Because Daly is not an "acceptable medical source," she cannot be a "treating source." Magistrate Judge Binder correctly concluded that Daly's opinion was not entitled to controlling weight.

Social Security Ruling ("SSR") 06-03p governs the treatment of opinions from sources that are not "acceptable medical sources." The factors listed in 20 C.F.R. § 404.1527(d) are applied in evaluating such opinions. SSR 06-03p. The ALJ considers how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairments, and any other factors that tend to support or refute the opinion. *Id.* The ALJ

specifically noted that "Ms. Daly's assessment is not given significant weight because it is not supported by the evidence as a whole." A.R. at 60. Magistrate Judge Binder found that this conclusion was supported by substantial evidence, noting various inconsistencies between Daly's opinion, her treatment notes, and Plaintiff's statements. R&R 17. For example, Daly's regular treatment notes stated that Plaintiff's functioning was, at most, "moderately impaired." A.R. at 194-196. On Plaintiff's disability questionnaire, however, Daly stated that Plaintiff was "markedly limited" in many areas of functioning. A.R. at 342-43. This supports the ALJ's conclusion that Daly's opinion was inconsistent with the evidentiary record. The ALJ was therefore free to discount or reject Ms. Daly's opinion. *See* 20 C.F.R. § 404.1527(d)(4); SSR 06-03p.

Plaintiff's next objection is that the R&R ignores evidence demonstrating that Plaintiff suffered from serious impairments. The Commissioner's findings, however, are not subject to reversal simply because substantial evidence supports a different conclusion. *Mullen*, 800 F.2d at 545. Where substantial evidence supports the Commissioner's decision, the decision falls within that "zone of choice" where the Commissioner may proceed without interference from the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

Plaintiff objects to the R&R's use of evidence not referred to in the ALJ's decision, arguing that the R&R presents improper "post-hoc arguments." It is well-settled that the reviewing court may look to any evidence in the record, regardless of whether it has been cited by the ALJ or Appeals Council. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). Magistrate Judge Binder cited evidence outside the ALJ's decision to

demonstrate that substantial evidence supported the decision.  It is irrelevant that this evidence was not specifically cited by the ALJ.

Plaintiff objects to Magistrate Judge Binder's alleged "selective evaluation of the evidence," noting as an example the R&R's abbreviation of a statement made by Daly. Plaintiff contends that in the omitted portion, Daly stated that "from a psychiatric standpoint [Plaintiff] has done very poorly."  The Court notes that page nine of the R&R includes the allegedly omitted portion of Ms. Daly's statement.  Furthermore, as stated above, the fact that some evidence in the record supports a different conclusion does not require reversal of the Commissioner's decision. *Mullen*, 800 F.2d at 545.

Plaintiff next objects to the ALJ's analysis of her residual functional capacity, and Magistrate Judge Binder's conclusion that this analysis is supported by substantial evidence.  Plaintiff argues that the ALJ's analysis should have included additional work-related restrictions, as her hypertension[6] and anemia[7] are "severe."  The ALJ's decision noted, however, that according to Dr. Tama D. Abel, Plaintiff's blood pressure was "slightly elevated but not out of control."  A.R. at 59.  The ALJ also stated that "[t]he claimant's bursitis, headaches, and anemia are not severe."  A.R. at 55.  The evidentiary record supports the ALJ's conclusion that Plaintiff's anemia would not require a work restriction.  Dr. Abel, in discussing Plaintiff's anemia, opined that the "[p]rognosis is good

---

[6] Hypertension is the condition of having abnormally high blood pressure. *Oxford English Dictionary*.

[7] Anemia is the condition of a deficiency of red blood cells or hemoglobin in the blood. *Oxford English Dictionary*.

that [Plaintiff] would be more tolerant of exertional activities, such as walking and climbing stairs, as her hemoglobin level returns to a normal range, which is expected." A.R. at 273.  These findings are consistent with the ALJ's conclusion that Plaintiff was capable of performing "light work."  The Court concludes that the ALJ's determination of Plaintiff's residual function capacity was supported by substantial evidence.

### III. Conclusion

Plaintiff's objections to Magistrate Judge Binder's R&R lack merit.  The Court concurs with Magistrate Judge Binder's determination that the Commissioner's decision to deny Plaintiff's application for benefits was supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that the Court adopts Magistrate Judge Binder's Report and Recommendation to **AFFIRM** the decision of the Commissioner;

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand is **DENIED** and the Commissioner's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Lewis M. Seward, Esq.
Susan K. DeClercq, A.U.S.A.
Magistrate Judge Charles E. Binder

8